IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROOSEVELT LAWRENCE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **7 : 10-CV-59 (HL)** |
| | : | |
| DONNIE THOMPSON, Warden, | : | |
| | : | |
| Respondent. | : | |

# ORDER AND RECOMMENDATION

Presently pending in this § 2254 federal habeas petition is the Respondent's Motion to Dismiss for Lack of Exhaustion, and Petitioner's Motion to Invoke Rule for Determination and Recommendation, and Motion for Petition for Habeas Corpus via Unnecessary Exercise of Exhaustion. (Docs. 7, 9, 11).

**Factual Background**

Petitioner challenges his November 2007 Lowndes County convictions and sentences for malice murder and possession of a firearm during the commission of a crime, for which Petitioner received a total sentence of life imprisonment plus five (5) years. Petitioner's convictions and sentences were affirmed on direct appeal. On March 1, 2010, the Georgia Supreme Court denied Petitioner's motion for reconsideration. (Doc. 17-7). Petitioner executed his federal habeas Petition on July 5, 2010. (Doc. 1).

*Motion to Dismiss (Doc. 7)*

Respondent maintains that Petitioner did not raise any of his alleged claims on direct appeal, and thus, Petitioner's claims for federal habeas relief have not been fully exhausted. Petitioner argues that he filed three (3) motions in the Superior Court of Lowndes County

requesting that his case be vacated, but the motions were denied. (Doc. 10). Petitioner also requests the Court review his Petition regardless of the fact that he has not exhausted the state remedies because exhaustion would be futile in his case. (*See Id.*; Doc. 11).

"It has been settled since Ex parte Royall, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *Id.* at 845. Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement. *Toulson v. Beyer*, 987 F.2d 984, 987 (3rd Cir. 1993); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D.Fl. 2001).

In order to satisfy this exhaustion requirement, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Rather, the Petitioner must present the state court with both the facts and the legal theories upon which he relies. *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978). State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same

constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory." *Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981).

In his Response to the Respondent's Motion to Dismiss, Petitioner argues that he filed three (3) motions to vacate in the Superior Court of Lowndes County, yet all were denied. (Doc. 10). Petitioner provided the Court with a copy of the court's order, which denied the motions because Petitioner was not seeking the appropriate remedy to have his conviction vacated. (Doc. 14-1, pp. 12-13). Petitioner requests the Court decide his federal habeas Petition despite any "default" caused by Petitioner. (Doc. 10).

Petitioner also filed a Motion stating that exhaustion of state remedies is unnecessary because the highest court in the state has decided the precise legal issues of his case. (Doc. 11). However, Petitioner provides no evidence to show that the highest state court has decided his legal issues. Petitioner cites *Harper v. State*, 286 Ga. 216, 218 (2009), as the Supreme Court of Georgia's decision addressing Petitioner's claims. *Harper* did not discuss the legal issues related to Petitioner's claims, but held that motions to vacate, such as the three filed by Petitioner in Lowndes County, are not appropriate remedies in criminal cases. Thus, Petitioner has failed to show that exhaustion is unnecessary in his case.

There is no evidence to show that Petitioner has presented his claims in the appropriate manner to the state court. The grounds alleged in his federal habeas Petition were not brought on his direct appeal, and Petitioner has not filed a state habeas petition. Petitioner has not shown he exhausted his claims, and thus, he has failed to meet his burden of proving that he has exhausted available state remedies.

As Petitioner has failed to pursue available state court remedies regarding the grounds for relief raised in this federal habeas Petition, it is the recommendation of the undersigned that the

Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus petition be **DISMISSED** without prejudice to the Petitioner's right to refile once he has exhausted the remedies available to him in the state court system.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Invoke Rule (Doc. 9)*

Petitioner filed this Motion requesting the Court invoke Rule 60(b)(6) of the Federal Rules, because Petitioner's case has extraordinary circumstances that will allow the Court to grant him relief.

Federal Rule of Civil Procedure 60(b)(6) states "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Rule 60 of the Federal Rules of Civil Procedure applies to civil, not criminal, judgments, orders, and proceedings decided by the federal courts. This federal rule does not provide the Court with the power to overturn Petitioner's Georgia criminal conviction. Accordingly, Petitioner's Motion to Invoke Rule for Determination and Recommendation is hereby **DENIED**.

*Motion for Petition of Habeas Corpus (Doc. 11)*

In this Motion, Petitioner argues that exhaustion of his state remedies is futile, and as such, is unnecessary. Relying on a Tenth Circuit case, Petitioner alleges that exhaustion is unnecessary when the state's highest court has already "decided the precise legal issue that the inmate seeks to raise[.]" (Doc. 10). As discussed above in the analysis of Respondent's Motion to Dismiss, Petitioner has not provided any evidence that his precise legal issues and facts have

4

been decided by the state's highest court. Therefore, Petitioner's Motion for Petition of Habeas Corpus via Unnecessary Exercise of Exhaustion is **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 29th day of June, 2011.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

llf